-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL MEDINA, a/k/a PEDRO BAEZ,

    Plaintiff,

-v-                                          13-CV-202M
                                                 **ORDER**

BUFFALO FEDERAL DETENTION FACILITY,
ORLEANS COUNTY DSS,

    Defendants.



---

    Plaintiff filed this *pro se* action seeking relief under 42 U.S.C. 1983. At the time the action was commenced plaintiff was detained at the Buffalo Federal Detention Facility. However, the Court does not have plaintiff's current address. Mail sent to plaintiff on February 28, 2013 was returned to the Court marked undeliverable on March 6, 2013. In addition, a search of the Online Detainee Locator System maintained by U.S. Immigration and Customs Enforcement (ICE), https://locator.ice.gov/odls/homePage.do, (last visited Feb. 18, 2014) reveals that plaintiff is no longer in custody of ICE. In an effort to determine plaintiff's circumstances, the Clerk of the Court's Office contacted immigration authorities, and was advised that Plaintiff was deported to the Dominican Republic in April,

2013.[1]  Accordingly, it appears that plaintiff has failed to provide the Court with an address where papers may be served.

Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant . . . . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Local Rule of Civil Procedure 5.2(d).

Since his release from custody and deportation, plaintiff has failed to comply with his obligation to advise the Court of a current address to permit the orderly progression of the case under Local Rule 5.2(d). *Cf.* Brown v. Wright, 2008 U.S. Dist. LEXIS 8810 (N.D.N.Y. Feb. 6, 2008) (Declining to dismiss for failure to prosecute where plaintiff maintained communication with the Court and opposing counsel despite his deportation to Jamaica).

The Court therefore finds it appropriate to dismiss the case for plaintiff's failure to advise the Court of a current address. *See* Reynoso v. Selsky, 2011 U.S. Dist. LEXIS 84481 (W.D.N.Y. Aug. 2, 2011) (dismissing complaint because plaintiff had been deported,

---

[1]The ICE Online Detainee Locator System only contains the names of detainees currently in ICE custody and those who have been released within the last 60 days. Because Plaintiff was apparently removed from the United States approximately ten months ago, his name and A-number (024044345) with a birth country of Dominican Republic are not currently in the online system.

and following deportation had failed to advise the Court of his current address, and to prosecute the action ) (citations omitted).

## CONCLUSION

For the reasons discussed above, the instant action is dismissed, pursuant to Rule 5.2(d) of Local Rules of Civil Procedure, based upon plaintiff's failure to advise the Court of a current address. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   February 20, 2014
         Rochester, New York